## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

[2] DAVID ALEXANDER VAZQUEZ-DE
    LEON,

      Defendant.

Crim. No. 16-330 (ADC)

## OPINION AND ORDER

Before the Court is the United States of America ("government") motion in limine. **ECF No. 99**, and defendant David Alexander Vázquez-De León's ("Vázquez-De León") response in opposition, **ECF No. 106**. For the following reasons, the Court **DENIES** the government's motion in limine to admit other acts evidence. **ECF No. 99**.

## I.    Background

Defendants Adams Joel Forty-Febres ("Forty-Febres") and Vázquez-De León (collectively, "defendants") are charged with two counts of carjacking under 18 U.S.C. § 2119, and two counts of using and brandishing firearms during and in relation to a crime of violence under 18 U.S.C. § 924(c). **ECF No. 68**. Both of the charged carjackings in the case at bar occurred on November 5, 2015 (the "2015 case"). *Id.*

The government's motion in limine presents an issue of admissibility of evidence under Federal Rule of Evidence 404(b). **ECF No. 99**. Specifically, the government seeks "to read into the record a stipulation of facts signed by defendant [Vázquez-De León] pursuant to his plea agreement in 16-319-FAB" ("the stipulation evidence"). *Id.* at 1. According to the government, in Criminal Case No. 16-319-FAB (the "2016 case"), Vázquez-De León admitted that, in April 2016, he participated in a carjacking (along with one other individual) in which a firearm was brandished and threats were made against a female driver in the Carolina area," while in the 2015 case presently before the court, Vázquez-De León "is charged with using a firearm and threats to commit two carjackings (along with one other individual) against female drivers in November 2015 in Canóvanas—i.e., just months before the crimes to which he pled guilty in 16-319-FAB." *Id.* The government asserts that Vázquez-De León's "access to a firearm and common plan (e.g., choice of female victims, working with accomplice, verbal threats) in committing carjackings in temporal and geographical proximity to each other should be admissible under Federal Rule of Evidence 404(b)." *Id.* The government argues that Vázquez-De León's "admissions in 16-319-FAB are relevant to prove opportunity/access and plan to commit the crimes charged." *Id.* at 1–2.

## II.    Legal Standard

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Under this rule, "evidence of a defendant's prior bad acts may not be

admitted to prove his criminal character or propensity to commit crimes of the sort for which he is on trial." *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000). "To admit evidence of prior bad acts, a trial court must find that the evidence passes two tests. First, the evidence must have 'special relevance' to an issue in the case such as intent or knowledge, and must not include 'bad character or propensity as a necessary link in the inferential chain.'" *Id.* (quoting *United States v. Frankhauser,* 80 F.3d 641, 648 (1st Cir. 1996)). "Second, under Rule 403, evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* Evidence may have "special relevance" under Rule 404(b) if, for instance, it is "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). *See also Varoudakis*, 233 F.3d at 118. In determining whether the probative value of this evidence is outweighed by the danger of unfair prejudice, courts should consider "the remoteness in time of the other act and the degree of resemblance to the crime charged." *Varoudakis*, 233 F.3d at 119 (citation and internal quotation marks omitted).

## III.    Analysis

The carjacking statute prohibits the taking of "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation" "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119. The government asserts two "special relevance" grounds for admission of the stipulation evidence under rule 404(b). First, the government contends that the stipulation

evidence demonstrates Vázquez-De León's access to a firearm. **ECF No. 99** at 2. Second, the government argues that the evidence demonstrates Vázquez-De León's "plan/intent in late 2015 and mid 2016 to carjack female victims in the Carolina/Canóvanas area while he was accompanied by someone else, using a firearm and threats." *Id.* at 3. The government notes that the offenses in each case occurred within months of each other, in neighboring municipalities, and involved female drivers, the presence of an accomplice, verbal threats, and use of a firearm. *Id.* at 2.

Vázquez-De León opposes the government's motion, arguing that its proffered uses for the stipulation evidence amounts to prohibited character evidence. He challenges the government's alleged similarities as "very general" and applicable to a "large percent of the carjacking case[s] in P.R.," because they essentially constitute the "elements of the offense" of carjacking. **ECF No. 106** at 8. Vázquez-De León argues that "[t]he Government is trying to bootstrap the 16-319 (FAB) plea agreement to prove the elements of this case." *Id.*

The government's argument that the stipulation evidence demonstrates Vázquez-De León's opportunity or access to a firearm is a nonstarter. The government's theory of the case seems to be that the firearm used in the November 5, 2015 carjackings was seized from Forty-Febres on November 7, 2015. The initial criminal complaint filed in this case identifies Forty-Febres as having "carried and brandished" "a black pistol of unknown make and model" during the November 5, 2015 carjackings. **ECF No. 1**. The FBI affidavit attached to the criminal complaint indicates that Forty-Febres was arrested the next day, on November 6, 2015, "for

possession of a black handgun," **ECF No. 1-1** at 2, and the government's designation of evidence for trial in this case indicates that it plans to submit pictures of the firearm seized from Forty-Febres on November 7, 2015, presumably as evidence of the firearm used in the carjackings in this case. **ECF No. 105** at 2.

Thus, whether Vázquez-De León used a different firearm five months in the future, in the 2016 case, is irrelevant to the government's case at bar. The government has not alleged, and indeed its filings refute, the implication that the same weapon was used in all of the carjackings or even wielded or supplied by the same individual. Thus, to the extent the government intends to show that Vázquez-De León may have supplied the weapon in the 2015 case because he had access to a weapon in the future 2016 carjacking, requires a logical leap traversed only by indulging impermissible propensity implications.

Likewise, the government's argument that the stipulation evidence demonstrates that Vázquez-De León had "a plan/intent" to commit the 2015 carjackings because he committed a future carjacking in 2016 is also unavailing. Use of other acts evidence to show a plan tends to arise in conspiracy cases, where "the previous offense 'leads in a progression' to the second" or that "'a continuing or connected scheme'" links the offenses. *See Varoudakis*, 233 F.3d at 119 (quoting *United States v. Lynn*, 856 F.2d 430, 435 (1st Cir. 1988)). *See also United States v. Vizcarrondo-Casanova*, 763 F.3d 89, 94 (1st Cir. 2014) (noting "that evidence of prior crimes may also be admitted under 404(b) in a conspiracy case to help the jury understand the basis for the co-conspirators' relationship of mutual trust" (citation and internal quotation marks omitted)).

The government argues that the similarities between the November 5, 2015 and April 8, 2016 carjackings demonstrate Vázquez-De León's "plan/intent" to commit the November 5, 2015 carjackings: they occurred within five months of each other, in neighboring municipalities, and involved female victims, the presence of an accomplice, verbal threats, and use of a firearm. **ECF No. 99** at 2. There is no indication, however, that Forty-Febres served as Vázquez-De León's accomplice in the April 2016 carjacking, that Vázquez-De León played the same role in all of the carjackings, that female victims were targeted and not coincidental, or that the location of the carjackings has any particular import. Thus, the Court agrees with Vázquez-De León, that the stated similarities are not demonstrative of a plan to commit carjackings and are "very general" attributes in carjacking cases. **ECF No. 106** at 8. *See, e.g., United States v. Ramírez-Burgos*, 114 F.3d 1170, *1 (1st Cir. 1997) (per curiam) (involving a defendant convicted of aiding and abetting in two consecutive armed carjackings against female victims). Without more, the government's motion aims to use the "plan/intent" label "'to smuggle forbidden evidence of propensity to the jury.'"[1] *Varoudakis*, 233 F.3d at 120 (quoting 22 Charles A. Wright & Kenneth A. Graham, Jr., *Federal Prac. & Proc.*, § 5240 (1978) (describing "other acts" evidence in relation to proving motive under rule 404(b))). The government cannot prove that Vázquez-De León participated in the November 2015 carjackings simply because he participated in another carjacking some months

---

[1] It is also worth noting that there is no indication that Vázquez-De León's intent, rather than identity, is disputed. *See* 22B Charles A. Wright & Kenneth A. Graham, Jr., *Federal Prac. & Proc.*, § 5250 & n.25 (collecting cases, noting the difference between identity and intent).

later, in April 2016. "[B]ad character or propensity" are the "necessary link in the inferential chain" under both of the government's proposed theories of admission for the stipulation evidence. *See Frankhauser*, 80 F.3d at 648. Accordingly the government's rule 404(b) motion fails to satisfy the first prong of the applicable test. *See United States v. Sabean*, 885 F.3d 27, 35 (1st Cir. 2018). The motion is denied. **ECF No. 99**.

## IV. Conclusion

The Court **DENIES** the government's motion in limine to admit the proffered other acts evidence. **ECF No. 99**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 11th day of May, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**