**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

|   |   |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Crim. No. 16-330 (ADC)** |
| **[1] ADAMS JOEL FORTY-FEBRES,**<br>**[2] DAVID ALEXANDER VAZQUEZ-DE**<br>**LEON,** | |
| **Defendants.** | |

## OPINION & ORDER

Before the Court is the United States of America ("government") motion in limine. **ECF No. 100.** Defendants Adams Joel Forty-Febres and David Alexander Vázquez-De León (collectively, "defendants") oppose the motion. **ECF No. 107**. For the following reasons, the Court **GRANTS** the government's motion. **ECF No. 100.**

### I.  Background

Defendants are charged with two counts of carjacking under 18 U.S.C. § 2119, and two counts of using and brandishing firearms during and in relation to a crime of violence under 18 U.S.C. § 924(c). **ECF No. 68**. The carjacking statute prohibits the taking of "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or

presence of another by force and violence or by intimidation" "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119.

The government's motion in limine requests that the Court "rule on the sufficiency of the authentication and admissibility of" "electronic records from the Puerto Rico Department of Transportation" ("DTOP") pursuant to Federal Rule of Evidence 902. **ECF No. 100** at 1. The government asserts the DTOP records at issue are self-authenticating business records and admissible under either Rule 902(11) or 902(13) without the aid of a record custodian's in-court testimony. *Id.* at 1–2.

## II.    Legal Standard

Business records may be admissible as self-authenticating, non-hearsay evidence "if certified according to Fed. R. Evid. 902(11)" or (13). *See Federal Trade Comm. v. Direct Marketing Concepts, Inc.,* 624 F.3d 1, 16 (1st Cir. 2010); *see also* Fed. R. Evid. 902 advisory committee's note to 2017 amendment (explaining that subsection 13 was amended in 2017 to "set[] forth a procedure by which parties can authenticate certain electronic evidence other than through the testimony of a foundation witness"). Rule 902(11) provides for the admissibility of "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). Similarly, rule 902(13) provides for the admissibility of "[a] record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with

the certification requirements of Rule 902(11) . . . ." *Id.* R. 902(13). The declaration under rule

902(11) must establish that:

> (A) the record was made at or near the time by—or from information transmitted
> by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a
> business, organization, occupation, or calling, whether or not for profit; [and]
> (C) making the record was a regular practice of that activity . . . .

*Id.* R. 803(6); *see also Direct Marketing Concepts,* 624 F.3d at 16 (citing former Federal Rule of

Evidence 902(11) as containing virtually identical text).

The declaration under these rules may be supplied in compliance with 28 U.S.C. § 1746,

which states,

> Wherever, under any law of the United States or under any rule, regulation, order,
> or requirement made pursuant to law, any matter is required or permitted to be
> supported, evidenced, established, or proved by the sworn declaration,
> verification, certificate, statement, oath, or affidavit, in writing of the person
> making the same . . . such matter may, with like force and effect, be supported,
> evidenced, established, or proved by the unsworn declaration, certificate,
> verification, or statement, in writing of such person which is subscribed by him,
> as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> If executed within the United States, its territories, possessions, or
> commonwealths: "I declare (or certify, verify, or state) under penalty of perjury
> that the foregoing is true and correct. Executed on (date).
> (Signature)."

28 U.S.C. § 1746.

**III.      Analysis**

The government's motion seeks admission of vehicle registration records obtained from

DTOP's electronic database for the two vehicles at issue in this case. **ECF No. 100** at 1. The

government also included a "Certificate of Authenticity of Business Records Pursuant to Federal Rule of Evidence 902(11)" from an "Officinist/Investigator" of DTOP that identifies herself as "a custodian of records" for DTOP from November 21, 2012, through the date she signed the certification, June 23, 2016. **ECF Nos. 100** at 1; **100-1; 100-2**. The government asserts that the investigator's certification complies with 28 U.S.C. § 1746, thereby establishing the authenticity of the records under rule 902(11) and (13). **ECF No. 100** at 3. The government seeks admission of these records to show that the carjacked vehicles originated from Japan "to prove the interstate nexus" element of the carjacking offenses. *Id.* at 1; *see* 18 U.S.C. § 2119.

The registration records submitted and associated certificates of authenticity meet the requirements of rule 902(11) and (13). *See* **ECF Nos. 100-1; 100-2**. According to the DTOP investigator's certification that is attached to each registration record, these records were created "at or near the time of occurrence of the matters set forth," "were kept in the course of regularly conducted business activity," and creation of these records was a "regular practice" of the business. **ECF Nos. 100-1; 100-2**. The investigator also attested that the records are "the original or duplicate copies of the original records in custody of Puerto Rico D.T.O.P., located in the David Plus System." *Id.* (emphasis omitted). The investigator identified herself as a DTOP employee that is and has been a custodian of records there from November 21, 2012, through the present, which, at the time she signed the certifications, was June 23, 2016. *Id.* The investigator concluded each certification with the statement, "I certify, under penalties of perjury, that the foregoing is true and accurate, to the best of my knowledge and belief." *Id.* This

final sentence is "substantially" the same language as required by 28 U.S.C. § 1746. *See* 28 U.S.C. § 1746(2). Thus, the Court is satisfied that the registration records are business records under rule 803(6) and are properly certified as authentic copies of domestic records under 902(11) and as copies of an accurate search results from an electronic database under 902(13).

Additionally, admission of these business records without a custodian's foundational, in-court testimony will not be in violation of the Confrontation Clause. "When the government seeks to use an out-of-court statement against the accused, 'courts must decide whether the [Confrontation] Clause permits the government to deny the accused his usual right to force the declarant to submit to cross-examination, the greatest legal engine ever invented for the discovery of truth.'" *United States v. Ventura-Meléndez*, 275 F.3d 9, 15 (1st Cir. 2001) (alteration in original) (quoting *Lilly v. Virginia,* 527 U.S. 116, 124 (1999) (plurality)) (additional citations and internal quotation marks omitted). The Confrontation Clause of the Sixth Amendment "bars admission of testimonial hearsay in a criminal case unless the declarant is unavailable and the accused has had a prior opportunity for cross-examination." *United States v. Earle*, 488 F.3d 537, 542 (1st Cir. 2007) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). Testimonial statements include, "'*ex parte* in-court testimony or its functional equivalent;'" "'extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions;'" and "'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later

trial.'" *United States v. Castro-Davis*, 612 F.3d 53, 65 (1st Cir. 2010) (omission in original) (quoting *Crawford,* 541 U.S. at 51–52).

However, courts generally "do not label business records as testimonial as long as they are not created for the purpose of prosecution." *Tran v. Roden*, 847 F.3d 44, 51 (1st Cir. 2017); *see also Crawford*, 541 U.S. at 56 (noting that business records are non-testimonial "by their nature"). The registration records at issue are non-testimonial business records that were not created for the purpose of prosecution, but created in the ordinary course of DTOP's business. *See Tran*, 847 F.3d at 51. Although the investigator's certificates attesting to the authenticity of the registration records were "prepared for use at trial," the certificates do not pose a Confrontation Clause problem. *See Melendez-Díaz v. Massachusetts*, 557 U.S. 305, 322–23 (2009) (recognizing that a records "clerk could by affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not . . . *create* a record for the sole purpose of providing evidence against a defendant").

Moreover, defendants does not oppose the government's motion on Confrontation Clause, hearsay, or authentication grounds. Rather, defendants argue that "[t]hese documents should not be admitted in Court as self-authenticating because these documents will prove one of the elements of the offense for which the defendant[s are] charged." **ECF No. 107** at 4. Because the "interstate nexus of the vehicles" is an element of the carjacking charges, "the custodian of the records of the documents of the Department of Transportation has to be present to testify and prove this nexus with the interstate commerce." *Id*. Defendants offer no support for this

argument. Accordingly, the Court rejects defendants' bald assertion that the records' evidentiary purpose renders them inadmissible as self-authenticating business records. *See Tran*, 847 F.3d at 51.

**IV.    Conclusion**

The Court **GRANTS** the government's motion in limine to admit the proffered business record evidence. **ECF No. 100**. Fully translated copies of the business records at issue are to be presented at trial. **ECF Nos. 100-1; 100-2**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 11th day of May, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**